IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| PATRICIA KELTZ-HARVEY, | ) CASE NO. 5:07 CV 1031 |
| Plaintiff, | ) JUDGE JOHN R. ADAMS |
| v. | ) MAGISTRATE JUDGE |
|  | ) WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
|  | ) **REPORT & RECOMMENDATION** |
| Defendant. | ) |

## Introduction

This is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Patricia Keltz-Harvey, for supplemental security income.

The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Keltz-Harvey had severe impairments consisting of degenerative disc disease status post lumbar discectomy, borderline intellectual functioning, mild right carpal tunnel syndrome, history of a brief dysthymia, history of poly-substance abuse (in early remission), and a non-bleeding duodenal ulcer.[1] The ALJ decided that these impairments rendered Keltz-Harvey unable to sustain the physical demands of competitive employment from August 27, 2002, until February, 2003.[2] Because this inability continued

---

[1] Transcript ("Tr.") at 21.

[2] *Id.* at 22.

for a period of less than twelve continuous months, the ALJ concluded that it did not qualify as a disability under the Social Security Act.[3]

The ALJ found that for the period from February, 2003, through May 4, 2004, Keltz-Harvey had the following residual functional capacity:

> [T]he claimant retained the residual functional capacity to: sit with normal breaks for six hours in an eight hour day; stand/walk with normal breaks for six hours in an eight hours [sic] day; lift 10 pounds frequently and 20 pounds occasionally; and occasionally bend and stoop. Mentally, the claimant has the ability to perform unskilled work.[4]

The ALJ deferred decision as to ability to perform past relevant work because of uncertainty as to whether Keltz-Harvey had engaged in any such work. Applying the medical-vocational guidelines in Appendix 2 of the regulations, the ALJ determined that a significant number of jobs existed in the national economy that Keltz-Harvey could perform. He, therefore, found her not under a disability.[5]

Keltz-Harvey asks for reversal of the Commissioner's decision on the ground that it does not have the support of substantial evidence in the administrative record. Specifically, Keltz-Harvey argues that having found her unable to sustain competitive employment for a period of time in 2002 and early 2003, substantial evidence does not support the finding that she could perform her work consistent with the residual functional capacity finding beginning in February of 2003.

---

[3] *Id.*

[4] *Id.*

[5] *Id.*

I conclude that substantial evidence does not support the ALJ's finding that the inability to perform gainful activity that began in August of 2002 ceased as of February, 2003. I, therefore, recommend a remand of this case for reconsideration of when, if ever, Keltz-Harvey's admitted period of inability ceased.

## Analysis

The applicable regulation, 20 C.F.R. § 416.905(a) defines disability, "as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment ... which has lasted or can be expected to last for a continuous period of not less than twelve months." Here, the ALJ found, and there is no dispute, that Keltz-Harvey was unable to do any substantial gainful activity by reason of her impairments for a period from August 27, 2002 until February of 2003. The single issue for decision is whether substantial evidence supports the ALJ's decision that this inability ceased as of February, 2003.

The objective medical evidence shows that Keltz-Harvey had a disc herniation of the lumbar spine.[6] After over a year of treatment by non-surgical means, she underwent a microdiskectomy in November of 2002.[7] In May of 2003, she reported increased back

---

[6] *Id.* at 126.

[7] *Id.* at 170-72.

and leg pain.[8] She thereafter underwent further diagnosis and participated in various treatment regimens.[9]

From my review of the transcript in this case, there exists a genuine dispute as to when, if ever, Keltz-Harvey's condition improved after surgery to the extent that she was no longer unable to do any substantial gainful activity. I can find nothing in the record, however, supporting the ALJ's choice of a February, 2003 date. In particular, I find nothing in the ALJ's decision justifying the choice of that date.

At the oral argument in this case, counsel for the Commissioner could only identify one reference, a medical progress note dated February 19, 2003, from Keltz-Harvey's primary care physician that contains no complaint of a back problem.[10] In reviewing that note, which is terse and hardly legible, it appears that Keltz-Harvey saw her primary care physician for a sore throat. The note makes no reference to any complaint of back pain but that omission cannot suffice as substantial evidence in support of the February, 2003 date adopted by the ALJ in his findings.

As I noted at the oral argument, the record contains no post-surgery residual functional capacity assessment by a treating source, medical expert, or state agency doctor.[11] Based on my review of this record, the ALJ would benefit from a medical opinion as to

---

[8] *Id.* at 247.

[9] *Id.* at 241-57.

[10] ECF # 20, Transcript of the Oral Argument of August 27, 2008, at 5, referencing Tr. at 271.

[11] ECF # 20 at 8.

when, if ever, the inability to sustain competitive employment that began in August of 2002 ceased, if ever. This can be best accomplished by either re-contacting the treating source, Keltz-Harvey's orthopedic surgeon, Michael Knapic, D.O., or by obtaining the testimony of a medical expert.

## Conclusion

Based on the foregoing analysis, I recommend the reversal of the decision of the Commissioner denying Keltz-Harvey's application for supplemental security income and the remand of the decision for reconsideration of when, if ever, Keltz-Harvey's inability to do any substantial gainful activity ceased.

Dated: March 13, 2009                              s/ William H. Baughman, Jr.
                                                   United States Magistrate Judge

## Objections

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within ten (10) days of receipt of this notice. Failure to file objections within the specified time waives the right to appeal the District Court's order.[12]

---

[12] *See*, *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also*, *Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).